**IT IS ORDERED as set forth below:**

**Date: February 2, 2017**



_____
**Barbara Ellis-Monro**
**U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| WALTER HENRY SCHWAB, JR., | : | CASE NO. 15-66300-BEM |
| Debtor. | : | |
| | : | |

### FINAL ORDER APPROVING DISCLOSURE STATEMENT AND CONFIRMING PLAN OF REORGANIZATION

On March 7, 2016, Walter Henry Schwab, Jr. ("Debtor"), filed his "Disclosure Statement for Plan of Reorganization" (the "Disclosure Statement") and his "Plan of Reorganization," (the "Plan").  On April 5, 2016, Debtor filed an "Application Requesting Entry of Order (1) Conditionally Approving Disclosure Statement and Scheduling Hearing to Consider Final Approval Thereof and Plan Confirmation Hearing, (2) Approving form and Content of Ballot, (3) Establishing Deadline for Filing Objections to Disclosure Statement and Plan of Reorganization, and (4) Establishing Deadline for Casting Ballots to Accept or Reject Plan of Reorganization" ("Application").  On April 13, 2016 the Court entered an order (the "Order") approving the Application wherein, the Court conditionally approved Disclosure Statement, established May 13, 2016, as the deadline for casting ballots to accept or reject the Plan and object to the Plan or Disclosure Statement, and scheduling a hearing to consider final approval of the Disclosure Statement and Confirmation of the Plan for May 18, 2016.

The Order, Disclosure Statement, Plan, and a ballot were served by Debtor upon all creditors and parties-in-interest as evidenced by the certificate of service on file with the Court. On May 10, 2016, Wycliff Condominium Association, Inc. and Jennifer A. Kirsch (collectively, referred to herein as "Kirsch")  filed an objection to confirmation.

1

The confirmation hearing was rescheduled and held on August 10, 2016. On August 9, 2016, Kirsch withdrew the objection to confirmation of the Plan. A reset confirmation hearing was held on January 25, 2017. At the hearing, M. Denise Dotson appeared on behalf of the Debtor and David S. Weidenbaum appeared on behalf of the Office of the United States Trustee. No other creditors or parties-in-interest appeared at the hearing.

Capitalized terms used herein and not otherwise defined shall have the same meanings as set forth in the Plan of Reorganization.

NOW, THEREFORE, based upon the Court's review of the evidence presented, proffered or adduced, arguments made at the confirmation hearing, and the entire record in this case, the Court finds that the Plan of Reorganization may be confirmed.

ACCORDINGLY, THE COURT HEREBY ORDERS THAT

A. The Disclosure Statement complies with 11 U.S.C. §1125 and is APPROVED.

B. The Plan, as modified herein, is hereby confirmed in accordance with 11 U.S.C. §1129 and all provisions of the Amended Plan shall bind the Debtor and any entity issuing securities under the Amended Plan, all entities receiving property under the Plan, all Creditors whether or not such Creditors have accepted the Plan.

C. With respect to the objection filed Kirsch, the objection was WITHDRAWN.

D. The Plan has been accepted in writing by the creditors whose acceptance is required by law. Specifically, Class 5 Unsecured Claims, an impaired class of creditors voted to accept the Plan.

E. The provisions of Chapter 11 of the Code have been complied with and that the Plan has been proposed in good faith and not by any means forbidden by law.

F. Each holder of a claim or interest has accepted the Plan or will receive or retain under the Plan property of a value, as of the effective date of the Plan that is not less than the amount that such holder would receive or retain if the Debtor were liquidated under Chapter 7 of the Code on such date.

G. All payments made or promised by the Debtor or by a person acquiring property under the Plan or by any other person for services or for costs and expenses in, or in connection with, the Plan and incident to the case, have been fully disclosed to the Court and are reasonable, or if to be fixed after confirmation of the Plan, will be subject to the approval of the Court

H. The automatic stay in effect in this case pursuant to Section 362(a) of the Bankruptcy Code shall continue to be in effect until the Effective Date, and at that time shall be dissolved and of no further force or effect; provided, however, that nothing shall

2

bar the filing of financing documents or taking of such other actions as are necessary to effectuate the transactions specifically contemplated by the Plan or this Order prior to the Effective Date.

I. Pursuant to Sections 105(a) and 1142 of the Bankruptcy Code, and notwithstanding the entry of this Order or the occurrence of the Effective Date, the Court shall retain exclusive jurisdiction as provided in the Plan over all matters arising out or, and related to, this case and the Plan to the fullest extent permitted by law.

J. Nothing in this Order or the Plan is intended to modify or violate 28 U.S.C. §157(d).

K. Section 4.1 of the Plan is hereby modified as follows:

(1) the interest rate is changed from a fixed rate of 2% to a fixed rate of 3%
(2) Debtor shall timely file all post-petition tax returns and pay all post-petition taxes that are due and owing.
(3) Plan payments shall be due and owing on the 15th business day of the month.

L. Entry of this Order does not operate as a discharge of the Debtor. Debtor, shall seek by separate motion, entry of an order discharging the Debtor upon completion of payments to the Class 1 and Class 5 creditors. Any discharge will not operate as a discharge with respect to plan payments that remain due and owing as of the time of Debtor's application.

**Remainder of Page Left Intentionally Blank**

M.    Within three (3) days after entry of this order, Debtor's attorney will serve a copy of this order and file a certificate of service setting forth the manner of service to all parties in interest.

END OF DOCUMENT

Prepared By:
**M. DENISE DOTSON, LLC**

*/s/M. Denise Dotson*

M. Denise Dotson
Georgia Bar No. 227230
ddotsonlaw@me.com
Attorney for Debtor
170 Mitchell Street
Atlanta, Georgia 30303
(404) 526-8869 Telephone
(404) 526-8855 Facsimile
ddotsonlaw@me.com


Order reviewed by:
OFFICE OF THE UNITED STATES TRUSTEE

 /s/
David S. Weidenbaum
Trial Attorney
Office of the United States Trustee
Georgia Bar No.745892
362 Russell Federal Building
75 Ted Turner Drive
Atlanta, GA 30303
(404) 331-4437
David.s.weidenbaus@usdoj.gov



DISTRIBUTION LIST

M. Denise Dotson, M. Denise Dotson, LLC, 170 Mitchell Street, Atlanta, GA  30303

4